# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/b TITAN, CONSULTANTS & ENGINEERS, LLC, a Florida limited liability company, § § § § *Plaintiff*, § § v. § § TOOTLE-QRI JV, LLC, a Florida limited liability company, and THE GRAY INSURANCE COMPANY, a Louisiana corporation, § § § § § § *Defendants.* § | Civil Action No. _____ |

## COMPLAINT

Plaintiff, UNITED STATES OF AMERICA for the use and benefit of TITAN, CONSULTANTS & ENGINEERS, LLC, a Florida limited liability company (hereinafter, "Titan"), by and through its undersigned counsel, sues Defendants, TOOTLE-QRI JV, LLC (hereinafter, "Tootle"), a Florida limited liability company, and THE GRAY INSURANCE COMPANY, a Louisiana corporation (hereinafter, "Gray"), and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action on a construction payment bond pursuant to 40 U.S.C. §§ 270(a) et seq. (hereinafter, the "Miller Act"), and for breach of contract.

2. Jurisdiction of this cause is based upon 40 U.S.C. §§ 270(a) et seq., the Miller Act. The Court also has supplemental jurisdiction over the suit's related state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 40 U.S.C. §3133(3)(b), and 28 U.S. C. 1391(b)(2), as the contract at issue was performed and the federal project at issue are in this District.

4. Titan, is a Florida limited liability company with its principal place of business in Orlando, Florida, engaged in the business of providing consulting and engineering services for construction projects.

5. Defendant, Tootle, is a Florida limited liability company with its principal place of business in Longwood, Florida, is engaged in the business of general contracting for construction projects.

6. Defendant, Tootle's registered agent is Linda K. Tootle and has an address of 1712 Sunwood Drive, Longwood Florida 32779. Defendant may be served with process by delivering the summons and a copy of this complaint to its registered agent by U.S. mail.

7. Gray, a Louisiana corporation with its principal place of business in Metairie, Louisiana, is an insurance company which issued the Miller Act payment bond (the "Payment Bond") for its principal, Tootle, for construction work to be performed at federal project known as Covered Horse Training Facility/Ft. Sam Houston Caisson, San Antonio, TX (hereinafter, the "Project" or "Property"). A true and correct copy of the Payment Bond is attached hereto as **Exhibit "A."**

8. Pursuant to the terms of the Payment Bond, Gray agreed to guarantee payment for labor and materials furnished for the Project.

9. Upon information and belief, Tootle entered into a contract, as prime contractor, with the United States of America, to furnish the materials and to perform labor for construction on the Project (hereinafter, the "Prime Contract"). The Prime Contract was designated "Contract

2
19659491V.1 108833/1303522

Number: W912BV16D0030 / W9126G36G19F0361."

10. On or about February 1, 2021, Titan entered into a subcontract with Tootle to provide services pursuant to the subcontract (hereinafter, the "Subcontract"). A true and correct copy of the Subcontract is attached hereto as **Exhibit "B."**

11. Titan fully and substantially provided the services on the Project, as required by the Subcontract.

12. To date, Tootle has failed to pay Titan for the amount it is owed pursuant to the Subcontract, specifically, the remaining outstanding principal balance of **$31,424.90**, together with interest.

13. Although Titan was in privity with the principal of Gray and was therefore not required to furnish a notice of nonpayment, Titan nonetheless served a notice of nonpayment by U.S. Certified Mail on Tootle and Gray on November 11, 2021.

14. Despite providing Gray with the documentation it requested and supplying the Notice of Nonpayment, Gray denied Titan's claim, based solely on Tootle's input.

15. Titan last performed work on the Project on October 6, 2021.

16. This action was brought within one year of Titan's last day performing work on the Project.

17. Titan has retained undersigned counsel in this cause and is obligated to pay counsel a reasonable fee for the services rendered, and to reimburse counsel for services rendered, and to reimburse counsel for all costs and expenses advanced in this cause.

18. All conditions precedent and statutory prerequisites to the filing of this lawsuit have occurred or have been performed, waived, satisfied or otherwise excused.

# COUNT I
# MILLER ACT

19. This is an action against Tootle, as principal, and Gray, as surety, pursuant to the Miller Act for failure to pay under a payment bond.

20. Titan realleges and incorporates paragraphs one (1) through fourteen (16) as if fully set forth herein.

21. Jurisdiction of this cause in the United States District Court is based upon 40 U.S.C. § 270(b).

22. Tootle and Gray are liable for Titan's attorneys' fees and costs because the underlying Subcontract contains a clause entitling Titan to its attorneys' fees and costs in the event of Tootle's breach of the Subcontract. See *Exhibit "B"* at § 12.3; see also U.S. f/u/b Southeastern Mun. Supply Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, 876 F. 2d 92, 93 (11th Cir. 1989) (where an underlying contract provides for recovery of attorney's fees, such fees are recoverable under the Miller Act); In re Sure-Snap Corp., 983 F. 2d 1015, 1017 (11th Cir. 1993) (federal district courts apply state law in interpreting contractual attorney's fees provisions); United States ex rel Varco Pruden Bldgs. v. Reid & Gary Strickland Co., 161 F.3d 915, 918-919 (5th Cir. Tex. 1998) (where attorneys' fees were awarded under state law claims, pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, over which the U.S. District court exercised its supplemental jurisdiction in a Miller Act case) (Also noting that 28 U.S.C. §1367 allows simultaneous prosecution of Miller Act and state law claims.); See also, United States v. Insurance Co. of N. Am., 695 F.2d 455, 457-58 (10th Cir. N.M. 1982) (holding that recovery under the Miller Act is not a subcontractor's exclusive remedy against the general contractor).

WHEREFORE, Titan claims of the Defendants, Tootle and Gray, the principal sum of $31,424.90, together with pre-judgment and post-judgment interest thereon. Titan further claims

4

reasonable attorney's fees and costs incurred for the presentment of its claims, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
## BREACH OF CONTRACT

23. This is an action for breach of a construction contract against Tootle.

24. Titan realleges and incorporates paragraphs one (1) through eighteen (18) as if fully set forth herein.

25. Despite Titan's requests and demands for payment, Tootle has failed to pay Titan for the labor, materials and construction services Titan provided pursuant to the Subcontract.

26. Tootle's failure to remit payment to Titan pursuant to the terms of the Subcontract constitutes a substantial and material breach.

27. Titan has incurred damages as a direct and proximate result of Tootle's breach of the Subcontract, including, without limitation, the principal amount currently owed of $31,424.90, plus interest, attorneys' fees and costs.

28. All conditions precedent and statutory prerequisites to Titan's entitlement to recover its damages have occurred or have been performed, waived, satisfied or otherwise excused by Tootle.

WHEREFORE, Titan demands judgment against Tootle in the principal sum of $31,424.90, together with pre-judgment and post-judgment interest thereon. Titan further claims reasonable attorneys' fees and costs incurred for the presentment of its claims, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III
## UNJUST ENRICHMENT

29. This is an action for unjust enrichment against Tootle.

30. Titan realleges and incorporates paragraphs one (1) through nine (9) and (12)

through (18) as if fully set forth herein.

31.     Tootle's failure to remit payment to Titan for its services provided has resulted in an unjust enrichment conferred upon Tootle, which Tootle had knowledge of and fully accepted.

32.     Tootle has been unjustly enriched by an amount of $31,424.90.

WHEREFORE, Titan demands judgment against Tootle in the principal sum of $31,424.90, together with pre-judgment and post-judgment interest thereon and such other and further relief as this Court deems just and proper under the circumstances.

Dated: February 14, 2022.

Respectfully submitted,

*/s/  Brian R. Gaudet*
Brian R. Gaudet, Esq.
Texas Bar No. 24045928
**KILPATRICK TOWNSEND & STOCKTON LLP**
TC Energy Center
700 Louisiana Street, Suite 4300
Houston, TX 77002
(281) 809-4082 | Telephone
(281) 783-2453 | Facsimile
bgaudet@kilpatricktownsend.com

***Counsel for Plaintiff***

19659491V.1 108833/1303522